IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

U.S. BANK NATIONAL ASSOCIATION, )
AS TRUSTEE RELATING TO J.P. )
MORGAN MORTGAGE ACQUISITION )
CORP. 2005-FRE1 ASSET BACKED )
PASS-THROUGH CERTIFICATES, )
SERIES 2005-FRE1, )
                                                                        )
        Plaintiff, )
                                                             )     12 C 5057
    vs. )     Hon. Marvin E. Aspen
CHERYLE A. COLLINS-FULLER T., )
HEYWOOD FULLER T., KEYBANK )
NATIONAL ASSOCIATION, )
MORTGAGE ELECTRONIC )
REGISTRATION SYSTEMS, INC. AS )
NOMINEE FOR FREMONT )
INVESTMENT AND )
LOAN, )
                                                             )
        Defendants. )

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Court Judge:

    Presently before us is a Motion for Judgment on the Pleadings filed by Defendants Cheryle A. Collins-Fuller T. and Heywood Fuller T. ("Defendants"), seeking dismissal of this foreclosure action pursuant to Federal Rule of Civil Procedure 12(c). (Dkt. No. 103.) As set forth below, we deny the motion. We also very briefly address and deny several other pending motions, including Plaintiff's motion for summary judgment.

**BACKGROUND**

    Defendants borrowed $232,000 on approximately August 15, 2005 from Fremont Investment and Loan. (Compl. ¶ 10.) Defendants executed an Adjustable Rate Note in favor of Fremont for the loan and a Mortgage, granting Fremont a security interest for the Note in real

propert y located in Naperville, Illinois ("Propert y"). (*Id.*) Plaintiff alleges that Defendants are in default due to their failure to pay required monthly installments as of February 2011. (*Id.*

¶ 10(j).) Plaintiff further alleges that it "is the legal holder of the indebtedness and the owner of the mortgage given as security" and, as such, is entitled to foreclose on the Property. (*Id.* ¶ 10(n), (p), (s).) With its complaint, Plaintiff submitted copies of the pertinent Note, Mortgage, and Assignment of Mortgage. (Compl., Exs. 3–5.)

Defendants, acting *pro se* at the time, answered the complaint on June 3, 2013. (Dkt. No. 63.) Plaintiff subsequently moved for summary judgment and for appointment of a special commissioner on June 27, 2013. (Dkt. No. 73.) After summary judgment briefing concluded, Defendants obtained counsel, who filed an appearance on October 25, 2013. Defendants then filed the instant motion, seeking judgment on the pleadings due to purported deficiencies with Plaintiff's complaint.

## STANDARD OF REVIEW

Under Rule 12(c), a party may seek judgment on the pleadings "[a]fter the pleadings have closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c); *see Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). When reviewing Rule 12(c) motions, we employ the same standards applicable to motions brought under Rule 12(b)(6). *Buchanan-Moore*, 570 F.3d at 827 (citing *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007)); *see Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014); *Northern Ind. Gun & Outdoor Shows, Inc. v. South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). Accordingly, for purposes of this motion, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Adams*, 742 F.3d at 728; *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Jafri v. Chandler LLC*, — F.

Supp. 2d — , 2013 WL 5513238, at *1 (N.D. Ill. Oct. 4, 2013). We may grant a motion for judgment under Rule 12(c) "[o]nly when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved." *Supreme Laundry Serv., L.L.C. v. Hartford Cas. Ins. Co.*, 521 F.3d 743, 746 (7th Cir. 2008) (internal quotation omitted); *Beiles v. City of Chi.* — F. Supp. 2d — , 2013 WL 6571165, at *2 (N.D. Ill. Dec. 13, 2013).

## ANALYSIS

Defendants argue that Plaintiff's complaint fails to state a claim for relief for two reasons. Defendants first assert that Plaintiff lacks standing to foreclose on the Property because it is not the legal holder of the Note, which was neither indorsed nor assigned to Plaintiff. (Mem. at 5–10; Reply at 4–8.) Defendants also contend that Plaintiff's complaint fails to comply with the requirements of the Illinois Mortgage Foreclosure Law ("IMFL"), necessitating judgment in their favor. We address each argument in turn.

### A. Standing

"To recover on a promissory note under Illinois law, a plaintiff must show that (1) a defendant executed the promissory note; (2) the plaintiff is the holder of the note; and (3) the defendant has no viable defense." *Land O'Lakes Purina Feed, LLC v. WelkCo, LLC*, No. 10 C 981, 2011 WL 1465632 at *2 (S.D. Ill. Apr. 18, 2011). Defendants claim that they are entitled to judgment because Plaintiff cannot establish the second element, standing. As Defendants point out, the Note attached to the complaint evidences the debt owed to Fremont but does not include an indorsement, assignment, or proof of transfer of the Note from Fremont to Plaintiff.

In response, Plaintiff contends that its production of a copy of the unindorsed Note with the complaint demonstrates that it possesses the Note. (Resp. at 2–6.) Plaintiff argues that it obtained the Note—along with standing to enforce it as a nonholder in possession with the rights

3

of a holder—b y virtue of an assignment from Fremont and pursuant to the Illinois Uniform Commercial Code. (*Id.* at 3–5 (citing 810 ILCS 5/3-203, 3-301).)

For purposes of the present motion, we agree with Plaintiff. At this stage, we accept as true Plaintiff's allegation that it "is the legal holder of the indebtedness and the owner of the mortgage given as security." (*Id.* ¶ 10(n).) Although Plaintiff does not describe any transfer of the Note from Fremont in the complaint, it alleges that it is the holder of the debt, i.e. the Note.[1] Plaintiff attached a copy of the Note with its complaint, and we cannot discredit the allegation that it owns the Note. *See, e.g.*, *Land O'Lakes Purina Feed, LLC*, 2011 WL 1465632, at *3 (presuming at the motion to dismiss stage that plaintiff acquired full interest in an allegedly transferred note that it attached to the complaint). Moreover, under Illinois law, "possession of a note, albeit unendorsed, can be sufficient to confer standing to enforce it." *HSBC Bank USA, N.A. v. Hardman*, 12 C 481, 2013 WL 515432, at *4 (N.D. Ill. Feb. 12, 2013) (further explaining how a nonholder in possession with rights of a holder may enforce an unindorsed note);

*Deutsche Bank Nat'l Trust Co. v. Christian*, 12 C 3613, 2013 WL 6283584, at *2–3 (N.D. Ill. Dec. 4, 2013) (same); *see also Parkway Bank & Tr. Co. v. Korzen*, 13-380, 2013 Ill. App. 13030, 2 N.E.3d 1052, ¶ 24 (1st Dist. Sept. 23, 2013) (noting that "the mere fact that a copy of the note is attached to the complaint is itself *prima facie* evidence that the plaintiff owns the note" and is sufficient to show a plaintiff's standing); *Martin v. Martin*, 174 Ill. 371, 374, 51 N.E. 691, 692 (Ill. 1898) ("The possession of an unindorsed note is prima facie evidence of ownership in the holder.").

---

[1] We acknowledge that this allegation appears inconsistent with Plaintiff's current position that it is a *nonholder* in possession of the Note.

We previously addressed a similar issue in *U.S. Bank National Association v. Carroll*, 11 C 6535, 2013 WL 3669320, at *2–3 (N.D. Ill. July 12, 2013). There, the bank asserted at summary judgment that its possession of an unindorsed note served as prima facie evidence that it owned and could enforce the note. (*Id.*) Citing *Hardman*, we stated that "a copy of the unindorsed [n]ote may suffice for purposes of establishing standing at the motion to dismiss stage." (*Id.* at *3.) We further stated, however, that possession of the unindorsed note was not sufficient to establish ownership for summary judgment purposes. (*Id.*) We explained that the Illinois UCC required additional proof of transfer from the holder before a nonholder in possession of an unindorsed note could exercise the rights of the holder. (*Id.*) Consistent with the above authorities, we hold that Plaintiff has sufficiently alleged standing to enforce the Note, and we deny Defendants' motion for judgment on the pleadings.

Based on our reasoning in *Carroll*, however, we conclude that Plaintiff's pending summary judgment motion simply cannot succeed due to Plaintiff's failure to produce—either in the complaint or in the summary judgment briefing—a copy of the Note bearing an indorsement, or adequate evidence of the underlying transaction between Fremont and Plaintiff that allegedly transferred the Note. Given this unresolved, material fact question, as well as counsel's relatively recent appearance on behalf of Defendants, we deny the summary judgment motion.[2] We also deny several related motions without prejudice in light of this holding, including Plaintiff's Motion to Appoint Special Commissioner and Defendants' three *pro se* motions requesting discovery.

---

[2] Because of this gaping evidentiary problem with Plaintiff's summary judgment proof, a separate opinion addressing that motion is unnecessary. In the interests of efficiency and clarity, we elect to summarily dismiss that motion without prejudice as to refiling, rather than address its merits in detail.

5

B.  **Sufficiency of the Foreclosure Allegations**

In their motion, Defendants also claim that Plaintiff failed to satisfy the pleading requirements set forth in the IMFL, 735 ILCS 5/15-1504(a). Section 15-1504(a) provides that a foreclosure complaint "may be in substantially" the form of the complaint set forth by the statute. 735 ILCS 5/15-1504(a). The IMFL's form complaint includes a list of allegations that a plaintiff may plead in a complaint to foreclose. *Id.* The statute also specifically requires a plaintiff to attach copies of the mortgage and note.[3] See 735 ILCS 5/15-1504(a)(2); *see Christian*, 2013 WL 6283584, at *2; *Ocwen Loan Servicing LLC v. Kroening*, 10 C 4692, 2011 WL 5130357, at *4 (N.D. Ill. Oct. 28, 2011); *Ocwen Fed'l Bank, FSB v. Harris*, 99 C 658, 2000 WL 1644377, at *2 (N.D. Ill. Oct. 24, 2000); *see Korzen*, 2013 Ill. App. 13030, 2 N.E.3d 1052, ¶ 26 (emphasizing that Illinois law does not require production of any specific documentation for foreclosure "other than the copy of the mortgage and note attached to the complaint"). Under the IMFL, pleadings that follow the proposed form complaint "are deemed and construed to include" an allegation "that the exhibits attached are true and correct copies of the mortgage and note." 735 ILCS 5/151504(c)(2).

Defendants contend that Plaintiff's complaint fails to state a claim for relief because the attached copy of the Note is incomplete. The Note plainly references and instructs the parties to consult a rider—"*SEE ADJUSTABLE RATE NOTE RIDER ATTACHED HERETO AND MADE A PART HEREOF*"—but no rider is attached or otherwise located in the record. (Compl., Ex. 4, Note ¶ 2 (emphasis in original).) Although Plaintiff dismisses this argument as

---

[3]The IMFL does not require plaintiffs to provide the *original* loan documents at any time; copies suffice. *Korzen*, 2013 Ill. App. 13030, 2 N.E.3d 1052, at ¶ 32 (reaffirming that "production of the original note in open court, rather than simply relying on the copy attached to the complaint, is not a required element of proof in a foreclosure case"); *First Fed'l Savings & Loan Assoc. of Chi. v. Chi. Title & Trust Co.*, 155 Ill. App. 664, 665, 508 N.E.2d 287, 288–89 (1st Dist. 1987).

having no legal effect, (Resp. at 2), it does not dispute that the cop y of the Note is incomplete.

Under the circumstances, we find that Plaintiff may rely on the incomplete Note to state a claim for foreclosure under the IMFL. Plaintiff provided copies of the Note and the Mortgage, which are deemed true and correct, and it substantially followed the form complaint set out by the IMFL. Even with the rider missing, Defendants have sufficient information from which to comprehend the complaint and defend the action, as required b y Rule 8. Fed. R. Civ. P. 8(a); *see, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1949–50 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). We consider the omission of the Note's rider to be a technical defect that could be remedied by Plaintiff. As such, judgment on the pleadings is not warranted. *See Supreme Laundry Serv., L.L.C.*, 521 F.3d at 746 (authorizing grant of a Rule 12(c) motion "[o]nly when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved").

As with the indorsement question discussed earlier, however, we conclude that Plaintiff cannot rely on an incomplete copy of the Note to ultimately prevail. Evidence concerning the Note is integral to Plaintiff's burden of proof, and the rider may include information necessary for the parties to ascertain all of the contract terms and potential damages. Moving forward, Plaintiff must produce a complete copy of the Note or, if appropriate, explain why the rider is unavailable.

**CONCLUSION**

For the reasons set forth above, we deny Defendants' Motion for Judgment on the Pleadings. (Dkt. No. 103.) As explained, we also deny Plaintiff's motion for summary judgment (Dkt. No. 73) without prejudice. We deny several additional motions without prejudice in light of this holding, including Plaintiff's Motion to Appoint Special Commissioner (Dkt. No. 76) and Defendants' three *pro se* motions requesting discovery (Dkt. Nos. 95, 97, and 99).[4]

It is so ordered.
Dated: Chicago, Illinois
       March 24, 2014

Marvin E. Aspen
United States District Judge

---

[4] The case is set for a status hearing on April 24, 2014 at 10:30 a.m.