IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE RELATING TO J.P. MORGAN MORTGAGE ACQUISITION CORP. 2005-FRE1 ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-FRE1,<br><br>Plaintiff,<br><br>vs.<br><br>CHERYLE A. COLLINS-FULLER T., HEYWOOD FULLER T., KEYBANK NATIONAL ASSOCIATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR FREMONT INVESTMENT AND LOAN,<br><br>Defendants. | 12 C 5057<br>Hon. Marvin E. Aspen |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Court Judge:

Presently before us is a motion for voluntary dismissal filed by Plaintiff U.S. Bank National Association pursuant to Federal Rule of Civil Procedure 41(a)(2). (Dkt. No. 149.) As set forth below, we lack subject matter jurisdiction and thus dismiss Plaintiff's complaint. We also order Defendants to submit an additional brief addressing their failure to serve process on non-party Litton Loan Servicing, on or by March 25, 2015.

### BACKGROUND

Plaintiff filed this foreclosure action on June 26, 2012, claiming diversity jurisdiction. (Compl. ¶¶ 3–5.) Plaintiff alleged that it is a national association chartered under the laws of Ohio, with its principal place of business located there. (*Id.* ¶ 3.) Plaintiff stated that the

homeowners/debtors, Cheryle Collins-Fuller T. and Heywood Fuller T. ("Defendants"), are citizens of Illinois. (*Id.* ¶ 4.) Plaintiff further alleged that defendant KeyBank National Association ("Keybank") is a North Carolina citizen, while defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is a California citizen.[1] (*Id.* ¶ 5.) Plaintiffs also asserted that the amount in controversy exceeds $75,000, thus fulfilling the requirements for diversity jurisdiction. (*Id.* ¶¶ 2, 10(j).) *See* 28 U.S.C. § 1332(a).

Plaintiff has alleged that it "is the legal holder of the indebtedness and the owner of the mortgage given as security" by Defendants and, as such, is entitled to foreclose on the residential property at issue because of their default. (*Id.* ¶ 10(n), (p), (s).) Plaintiff also alleged that Keybank has been joined as a party because it holds a junior lien on the property pursuant to a separate mortgage entered into between Defendants and Keybank. (*Id.* ¶ 10(l).)

According to Plaintiff, recent investigation revealed that Keybank is not a citizen of North Carolina as previously pled. Plaintiff contends that Keybank is, in fact, a fellow citizen of Ohio. In the present motion, Plaintiff seeks to voluntarily dismiss this action under Rule 41(a)(2) due to the lack of diversity jurisdiction.

Defendants oppose the motion on several grounds. Defendants decry Plaintiff's lack of due diligence in failing to investigate Keybank's citizenship at the outset. (Resp. at 1–3.) They argue that Keybank is a dispensable party and should be dismissed under Rule 21, thus reviving diversity of the parties and our jurisdiction over the case. (*Id*. at 1, 6.) Defendants also contend that they have raised federal questions in their counterclaims and other filings, entitling them to stay here in federal court. (*Id*. at 1–2, 4–6.)

---

[1] Both Keybank and MERS were served at the inception of the lawsuit. (*See* Dkt. Nos. 5–6 (returned, executed summonses).) Neither entity has filed an appearance or an answer.

2

## STANDARD OF REVIEW

Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). For cases involving counterclaims, the rule further provides that dismissal may occur "over the defendant's objection only if the counterclaim can remain pending for independent adjudication." *Id.* Permitting a plaintiff to voluntarily dismiss an action without prejudice, under Rule 41(a)(2), is within our sound discretion. *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994). In evaluating such a motion, we consider four factors to ensure that the defendant is not prejudiced: "[t]he defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Kunz v. DeFelice*, 538 F.3d 667, 677–78 (7th Cir. 2008) (quoting *Pace v. S. Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969)). Additionally, we are free to impose such terms and conditions as necessary, including dismissal with prejudice. *Ratkovich v. Smith Kline*, 951 F.2d 155, 157–58 (7th Cir. 1991); *McCall-Bey v. Franzen*, 777 F.2d 1178, 1184 (7th Cir. 1985) (noting that a district court's terms and conditions of dismissal are the "quid pro quo of allowing the plaintiff to dismiss his suit").

The particular Rule 41(a)(2) motion before us raises a jurisdictional question. "Jurisdiction is the 'power to declare law,' and without it the federal courts cannot proceed." *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002) (quoting *Ruhrgas v. Marathon Oil Co.*, 526 U.S. 574, 577, 583, 119 S. Ct. 1563, 1567 (1999)); *see also Wernsing v. Thompson*, 423 F.3d 732, 743 (7th Cir. 2005) (further explaining that we have an independent and unwavering duty to confirm the existence of subject matter jurisdiction). Thus, while we

keep in mind the guiding principles about voluntary dismissals, resolution of the motion ultimately turns on whether or not we have jurisdiction.

## ANALYSIS

We begin with the diversity jurisdiction question posed by Plaintiff, which is quite straightforward. Defendants raise additional arguments as to why we might continue to have jurisdiction over this case, however, and we shall address each issue briefly.

### A. *Diversity Jurisdiction*

Federal courts have original jurisdiction over a case if: (1) the amount in controversy exceeds $75,000; and (2) all parties are of completely diverse citizenship. *See* 28 U.S.C. § 1332(a). Complete diversity of citizenship exists when "no plaintiff is a citizen of the same state as any defendant." *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008); *see also Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993). According to the complaint, both Plaintiff and Keybank are national banking associations. (Compl. ¶¶ 3, 5.)

For jurisdictional purposes, the citizenship of a national banking association is the state in which the bank has its main office, as indicated by its articles of association. *Wachovia Bank, N.A. v. Schmidt*, 645 U.S. 303, 318, 126 S. Ct. 941, 952 (2006); *Hicklin Eng'g v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006); *Hill v. Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 817, 821 (N.D. Ill. 2013); *see, e.g.*, *Hertz Corp. v. Friend*, 559 U.S. 77, 93–95, 130 S. Ct. 1181, 1192–94 (2010) (holding, with respect to corporations generally, that the principal place of business of a corporation for diversity purposes, or its "nerve center," is "usually its main headquarters, a single place"). In its motion, Plaintiff acknowledges that the prior allegation of diversity of citizenship between the parties was erroneous. (Mot. ¶ 4; Reply at 1–2.) Plaintiff clarifies that Keybank is not a citizen of North Carolina but rather maintains its headquarters in Ohio.

(Mot. ¶ 4 & Ex. 2 (FDIC printout showing the address of Keybank's headquarters in Cleveland, Ohio); Reply at 1–2.) Defendants do not dispute the fact that Keybank is headquartered in and a citizen of Ohio. Nor do Defendants dispute the fact that Plaintiff is a citizen of Ohio. Accordingly, we find that diversity jurisdiction is lacking because both Plaintiff and defendant Keybank are citizens of Ohio.

Defendants are understandably frustrated by Plaintiff's mistake and this unwelcome development. They argue that Plaintiff should not be rewarded for its lack of due diligence prior to filing suit in 2012.[2] (Resp. at 1–4.) Our jurisdiction, however, does not depend on the extent of a party's pre-filing diligence or other such circumstances. *See, e.g.*, *U.S. v. Tittjung*, 235 F.3d 330, 335 (7th Cir. 2000) ("No court may decide a case without subject matter jurisdiction, and neither the parties nor their lawyers may stipulate to jurisdiction or waive arguments that the court lacks jurisdiction."). That is, either we have subject matter jurisdiction under § 1332 or we do not. On the record before us, it is clear that we do not.

### B. *Propriety of Severance of Keybank as a Dispensable Party*

In their opposition, Defendants contend that we should dismiss the non-diverse party, Keybank, as dispensable under Rule 21. Under Rule 21, we "may at any time, on just terms, add or drop a party" or "sever any claim against a party." Fed. R. Civ. P. 21 (further providing that we should not dismiss an action due to misjoinder). Defendants correctly state that we can "use Rule 21 to dismiss a dispensable, non-diverse party in order to save diversity jurisdiction." *Dexia Credit Local v. Rogan*, 60 F. Supp. 2d 1180, 1184 (N.D. Ill. 2009); *see Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832–33, 109 S. Ct. 2218, 2223 (1989); *Scottsdale Ins. Co. v. Subscriptions Plus, Inc.*, 195 F.R.D. 640, 643–46 (W.D. Wis. 2000). We may do so only if a

---

[2] There is no suggestion or indication that Keybank has recently changed the location of its headquarters or that Plaintiff intentionally misrepresented Keybank's citizenship.

5

party is unnecessary and/or dispensable as contemplated by Rule 19.[3] *Dexia Credit Local*, 60 F. Supp. 2d at 1184–85; *see Ratajczak v. Beazley Solutions Ltd.*, 13 C 45, 2014 WL 3057158, at *1–2 (E.D. Wis. July 7, 2014); *Scottsdale Ins. Co.*, 195 F.R.D. at 643–44; *see also* 7 Wright & Miller, *Fed. Prac. & Proc.* § 1685 (3d ed. 2013) ("Courts frequently employ Rule 21 to preserve diversity jurisdiction over a case by dropping a nondiverse party if the party's presence in the action is not required under Rule 19.").

Our analysis under Rule 19, which governs required joinder, involves two steps. *See, e.g.*, *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 481 (7th Cir. 2001); *Thomas v. United States*, 189 F.3d 662, 666 (7th Cir. 1999). First, Rule 19(a) asks whether the party joined—here, Keybank—is necessary to the action. *Dexia Credit Local*, 60 F. Supp. 2d at 1184–85; *see Ratajczak*, 2014 WL 3057158, at *1–2. Keybank must be retained if "in [Keybank's] absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A).[4] Plaintiff argues that Keybank is a required party because we cannot grant Plaintiff complete relief in this foreclosure action without addressing (i.e., extinguishing) Keybank's junior lien on the property. (Reply at 4–6; *see* Compl. at 5, ¶ G.)

Our review of the Illinois Mortgage Foreclosure Law ("IMFL") supports Plaintiff's position. Under the IMFL, junior lienholders, such as Keybank, are not "necessary" defendants to a foreclosure action. 735 ILCS 5/15-1501(a); *see React Fin. v. Long*, 366 Ill. App. 3d 231,

---

[3] Courts typically conduct the Rule 20 permissive joinder analysis when resolving motions under Rule 21. *See, e.g.*, *Wilson v. Peslak*, 04 C 2345, 2005 WL 1227316, at *1–2 (N.D. Ill. May 12, 2005); *Bailey v. N. Trust Co.*, 196 F.R.D. 513, 515 (N.D. Ill. 2000). The Rule 19 required joinder analysis applies, however, when diversity jurisdiction is in question, as here. *See, e.g.*, *Dexia Credit Local*, 60 F. Supp. 2d at 1184–85; 7 Wright & Miller, *Fed. Prac. & Proc.* § 1685 (3d ed. 2013).
[4] Rule 19(a) describes another circumstance in which a party must be joined in an action, but that situation does not apply here. Fed. R. Civ. P. 19(a)(1)(B). (*See* Reply at 4–5 (arguing that Keybank is necessary under Rule 19(a)(1)(A)).)

235–36, 852 N.E.2d 277, 281 (3d Dist. 2006). Additional lienholders may be added to a foreclosure action by any party, or they may intervene in the action on their own behalf. 735 ILCS 5/15-1501(b)(10); *id.* at 5/15-1501(e); *React Fin.*, 366 Ill. App. 3d at 235–36, 852 N.E.2d at 281. The IMFL importantly provides, however, that "any disposition of the mortgaged real estate shall be subject to . . . the interests of all other persons not made a party." 735 ILCS 5/15-1501(a). In other words, junior lienholders or other claimants need not be added to a foreclosure action by the plaintiff in order for the plaintiff to enforce its rights *as against the mortgagor* (i.e., the allegedly defaulting debtor). But if the plaintiff seeks to prioritize and adjudicate the interests of *other* claimants to the real estate (i.e., other lienholders), those other claimants *must* be included as parties. The foreclosure judgment cannot bind claimants who are not parties to the lawsuit. *ABN AMRO Mortgage Group, Inc. v. McGahan*, 237 Ill.2d 526, 537, 931 N.E.2d 1190, 1198 (Ill. 2010) (noting that "a foreclosure proceeding does not bind the whole world"); *React Fin.*, 366 Ill. App. 3d at 235–36, 852 N.E.2d at 281 (explaining that, if a "junior mortgagee becomes a party its interests are terminated by the proceedings . . . but a non-party's interest is not affected").

Here, Plaintiff seeks judgment against the Defendants as well as "[a] finding that the interests of all named defendants [i.e., Keybank and MERS] are junior and subservient to the mortgage lien being foreclosed herein." (Compl. at 5, ¶ G; *see* Reply at 4–6.) Plaintiff clearly seeks to adjudicate the priority of Keybank's lien and bind it to any foreclosure judgment. To do so, Keybank must be included as a party under the IMFL. Because we cannot grant Plaintiff full relief without including Keybank, we conclude that Keybank is a necessary party under Rule

19.[5] Fed. R. Civ. P. 19(a)(1)(A). *See Pac. Mut. Life Ins. Co. v. Am. Nat'l Bank & Tr. Co. of Chi.*, 642 F. Supp. 163, 167 (N.D. Ill. 1986) ("The object of this suit, like any foreclosure, is for all claims on the property to be resolved. Thus, we must determine the rights of the mortgagee against the mortgagor and *vice versa*, and the rights of the various lienors.").

Having found that Keybank is a required party—and acknowledging that its presence is not feasible under the rule because it destroys diversity—we turn to the second step in our analysis under Rule 19. Fed. R. Civ. P. 19(b); *Welton Enters., Inc. v. Cincinnati Ins. Co.*, 13 C 227, 2014 WL 856142, at *1 (W.D. Wis. Mar. 5, 2014); *Dexia Credit Local*, 60 F. Supp. 2d at 1186; *Godfrey v. Kamin*, 194 F.R.D. 627, 629 (N.D. Ill. 2000); *see Askew v. Sheriff of Cook Cty., Ill.*, 568 F.3d 632, 635 (7th Cir. 2009) (describing the Rule 19 analysis and noting that a necessary party cannot be joined "if joinder would destroy complete diversity or the court lacks personal jurisdiction over it"). This step asks if the non-diverse party is dispensable. Pursuant to Rule 19(b), we "must determine whether, in equity and good conscience, the action should proceed among the existing parties [i.e., without the non-diverse party] or should be dismissed." Fed. R. Civ. P. 19(b). To answer this question, we consider the following factors:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>     (A) protective provisions in the judgment;
>     (B) shaping the relief; or
>     (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

---

[5] Defendants, for their part, have not articulated how we could afford full relief to Plaintiff without Keybank's presence. Defendants make much of the fact that Keybank has not filed an answer or appearance. (Resp. at 4–5.) Keybank's election not to contest Plaintiff's allegations is not relevant to the separate question of whether Keybank is a required party to the action.

Fed. R. Civ. P. 19(b); *see Askew*, 568 F.3d at 635; *Estate of Alvarez v. Donaldson Co., Inc.*, 213 F.3d 993, 995 (7th Cir. 2000); *CIGNA Healthcare of St. Louis, Inc. v. Kaiser*, 181 F. Supp. 2d 914, 920–21 (N.D. Ill. 2002).

As discussed above, judgment here in Plaintiff's favor, without binding Keybank, would represent only a partial victory. Under the IMFL, we cannot fashion a judgment for Plaintiff without Keybank that would offer complete relief. Dispensing Keybank would require Plaintiff to initiate additional proceedings separately in state court to address the junior lien. We find that such a result would prejudice Plaintiff and would waste both the time and resources of the litigants and the courts. On the other hand, Plaintiff can pursue a full and adequate remedy in state court if we dismiss this action. Having considered the equitable factors identified above, we conclude that Keybank is an indispensable party. Because we cannot proceed without Keybank under Rule 19, we cannot dismiss it under Rule 21 as requested by Defendants. And because Keybank's presence destroys diversity, we do not have jurisdiction under § 1332.

### C. *Defendants' Federal Theories and Counterclaims*

In addition to their efforts to save diversity jurisdiction, Defendants contend that they have plead federal counterclaims and asserted other federal theories that either grant us jurisdiction over this case or preclude the Rule 41(a)(2) dismissal sought by Plaintiff.

#### 1. *Defendants' Tax Law Theory*

Defendants argue, for example, that Plaintiff's conduct should be scrutinized under Internal Revenue Code provisions or Internal Revenue Service rules. (Resp. at 1, 4–6.) Defendants presumably call upon § 1331, which grants us original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. We are not convinced that Defendants have raised a proper federal tax issue or that we would be

9

authorized to hear such a claim but, in any event, we do not look to defense theories when assessing federal question jurisdiction. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475, 118 S. Ct. 921, 925 (1998) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 (1987)); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S. Ct. 1542, 1546 (1987); *City of Chi. v. Comcast Cable Holdings, L.L.C.*, 384 F.3d 901, 904 (7th Cir. 2004). Even if a defense is based on federal law, such a defense cannot supply federal question jurisdiction if the complaint "itself rests on state or local law." *City of Chi.*, 384 F.3d at 904 (stressing that this principle holds true even where "the federal defense will be the only contested issue"); *Rivet*, 522 U.S. at 475, 118 S. Ct. at 925 (stressing same, even where the defense is anticipated by the complaint). Plaintiff's complaint alleges only a state law claim under the IMFL and therefore does not provide a basis for federal question jurisdiction, regardless of Defendants' tax theory.

2.  *Defendants' Counterclaims against Litton*

In opposition to Plaintiff's motion for voluntary dismissal, Defendants also argue that we must retain jurisdiction over their federal counterclaims against non-party Litton Loan Servicing LP ("Litton Loan").[6] In their answer, filed pro se on June 3, 2013, Defendants alleged

---

[6] To the extent that Defendants imply that their federal counterclaims would give us supplemental jurisdiction over the entire action under § 1367, we disagree. Under § 1367, in any action "where [we] have original jurisdiction," we may exercise supplemental jurisdiction over claims that are related, even if we would not have had independent original jurisdiction over those claims (i.e., claims based on state law). 28 U.S.C. § 1367(a). Supplemental jurisdiction does not flow the other way, however, such that we could exercise jurisdiction over an entire action brought under state law. *See, e.g.*, 13D Wright & Miller, *Fed. Prac. & Proc.* § 3567 (3d ed. 2013) ("[S]upplemental jurisdiction does not—and cannot—operate to get a *case* into federal court.") (emphasis in original).

10

that they are entitled to rescission based on the fraudulent and deceptive conduct of their loan servicer, Litton Loan. (*See* Ans. (Dkt. No. 63) at 6–8.) They purported to bring two counterclaims against Litton Loan, alleging violations of: (1) the IMFL; (2) the Illinois Consumer Fraud and Deceptive Practices Act; and two related federal statutes, (3) the Home Ownership Equity Protection Act ("HOEPA"); and (4) Regulation Z, which is the implementing regulation for the Truth in Lending Act ("TILA"). (*Id.* at 8–9; *see also* Aff. of Heywood Fuller T. (Dkt. No. 87) ¶¶ 4–26 (describing Defendants' interactions with Litton Loan from April 2007 through January 2011).) Defendants contend that we cannot grant Plaintiff's motion unless we can separately adjudicate these counterclaims against Litton Loan. Fed. R. Civ. P. 41(a)(2). Defendants did not assert these counterclaims against Plaintiff, Keybank, or MERS.

The counterclaims against Litton Loan do not defeat Plaintiff's motion for voluntary dismissal, however, because they are not "counterclaims" at all. Counterclaims are governed by Rule 13, which states that a party may plead a counterclaim "against an opposing party" under certain circumstances. Fed. R. Civ. P. 13(a)(1), (b); *see also* Fed. R. Civ. P. 13(g) (allowing crossclaims against a co-party). Under Rule 13(h), non-parties may be added to a counterclaim but *only* if the counterclaim is also asserted against an existing party. "This means that a counterclaim . . . may not be directed solely against persons who are not already parties to the original action, but must involve at least one existing party." 6 Wright & Miller, *Fed. Prac. & Proc.* § 1435 (3d ed. 2013); *Transvision Techs. Holding, Inc. v. Knight*, 04 C 2086, 2005 WL 2373835, at *2 (S.D. Ind. Sept. 26, 2005) ("[C]ounterclaims can be brought only against an existing party."); *see Assoc. Pubs., Inc. v. Select Magazine, Inc.*, 85 C 7965, 1986 WL 4714, at *4 n.14 (N.D. Ill. Apr. 11, 1986). In this case, Defendants raised the counterclaim allegations against only Litton Loan, a non-party. Because Defendants did not assert these claims against

11

any other party to the foreclosure action, they cannot rely on Rule 13(h) as a means to include Litton Loan in the litigation.

Thus, because the claims against Litton Loan do not constitute proper counterclaims under Rule 13, the provision of Rule 41(a) concerning counterclaims does not apply. Defendants are correct that Rule 41(a)(2) prohibits us from dismissing an action over a counterclaimant's objection unless "the counterclaim can remain pending for independent adjudication." Fed. R. Civ. P. 41(a)(2). This limitation, however, protects only counterclaims. That is, it cannot be used to block voluntary dismissal due to the presence of any other type of claim, such as crossclaims or third-party claims. *See Salton, Inc. v. Philips Domestic Appliances & Pers. Care B.V.*, 391 F.3d 871, 876 (7th Cir. 2004) (noting that the language of Rule 41(a)(2) is specific as to counterclaims); *Hartford Cas. & Ins. Co. v. Kanoski & Assocs.*, 09 C 3242, 2009 WL 5166202, at *3 (C.D. Ill. Dec. 18, 2009) (stating that Rule 41(a)(2) "does not apply to crossclaims"); *see also* 9 Wright & Miller, *Fed. Prac. & Proc.* § 2365 (3d ed. 2013) (explaining that this provision applies only if the counterclaim is proper and not, for example, if the defendant plead affirmative defenses). Accordingly, the allegations against Litton Loan do not require that we deny Plaintiff's motion.

In sum, we conclude that we lack subject matter jurisdiction over the complaint. We therefore grant the motion and dismiss Plaintiff's complaint due to our lack of jurisdiction.

       3.      *Defendants' Third-Party Claims against Litton*

Although the state and federal claims against Litton Loan are not counterclaims under Rule 13, Defendants may have intended to assert them as third-party claims. Rule 14 governs third-party actions, which may be brought by a defendant against any non-party "who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1); *Federalpha Steel*

*LLC Creditors' Tr. v. Fed'l Pipe & Steel Co.*, 245 F.R.D. 615, 618 (N.D. Ill. 2007); *Selective Ins. Co. of S.E. v. Homeworks Central, Inc.*, 12 C 4017, 2013 WL 1286982, at*2 (C. D. Ill. Mar. 26, 2013). In such claims, "the third-party defendant's liability to the third-party plaintiff must derive from the plaintiff's claim against the third-party plaintiff." *Selective Ins. Co. of S.E.*, 2013 WL 1286982, at*2; *Federalpha Steel LLC Creditors' Tr.*, 245 F.R.D. at 618; *see also Leasing Servs., LLC v. IAM Nat'l Pension Fund*, 10 C 695, 2011 WL 4767599, at *1–2 (E.D. Wis. Oct. 5, 2011); *Brown v. Walker*, 06 C 218, 2007 WL 2265623, at *4 (N.D. Ind. Aug. 6, 2007). To state a third-party claim in this case, Defendants must have plead that Litton Loan is liable to them for all or part of Defendants' potential liability to Plaintiff. Based on the nature of Defendants' pleading, it is unclear whether the allegations against Litton Loan constitute a proper third-party action. (*See* Ans. at 6–8; Aff. of Heywood Fuller T. ¶¶ 4–26.)

Nonetheless, assuming that the allegations qualify as a third-party claim, Defendants have not complied with Rule 14's service requirement. Under Rule 14(a)(1), the third-party plaintiff (i.e., Defendants) must provide the third-party defendant (i.e., Litton Loan) with formal service of process. Fed. R. Civ. P. 14(a)(1) (requiring service of summons and the third-party complaint on the non-party to be sued); *Superkite PTY Ltd. v. Glickman*, 12 C 7754, 2014 WL 1202577, at *5 (N.D. Ill. Mar. 21, 2014) (dismissing third-party claim that had not been served); *see also* 6 Wright & Miller, *Fed. Prac. & Proc.* § 1455 (3d ed. 2013) ("Requirements of personal jurisdiction and service of process also must be satisfied."). Under Rule 4, service of process must be completed within 120 days from the filing of a complaint, including a third-party complaint. Fed. R. Civ. P. 4(m); *see, e.g.*, *Manjarrez v. Georgia-Pac. LLC*, 12 C 1257, 2012 WL 4017951, at *4 (N.D. Ill. Sept. 12, 2012); *Scherr v. Marriott Int'l, Inc.*, 08 C 2098, 2009 WL 4015541, at *2 (N.D. Ill. Nov. 19, 2009).

Defendants filed their answer, which raised the claims against Litton Loan, on June 3, 2013. Treating those allegations as a third-party complaint, the deadline for service on Litton Loan was approximately October 2, 2013—well over a year ago. According to the docket, Defendants simply never served Litton Loan.

Under Rule 4(m), we are required to extend the time for service of process if a plaintiff can show "good cause" for the failure to meet the deadline. Fed. R. Civ. P. 4(m). "Good cause means a valid reason for delay, such as the defendant's evading service." *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 933–34 (7th Cir. 2002). On the other hand, "a pro se litigant's ignorance of the 120-day time limit does not establish good cause under Rule 4." *McCullum v. Silver Cross Hosp.*, 99 C 4327, 2001 WL 696076, at *3 (N.D. Ill. Aug. 21, 2001); *see Williams-Guice v. Bd. of Educ. of City of Chi.*, 45 F.3d 161, 164 (7th Cir. 1995) ("Even uncounseled litigants must act within the time provided by statutes and rules."). In the absence of good cause, we may exercise our discretion to either: (1) grant additional time for service; or (2) dismiss the action without prejudice. Fed. R. Civ. P. 4(m); *see Coleman*, 290 F.3d at 933–34; *McCullum*, 2001 WL 696076, at *3.

Consistent with Rule 4(m), we inform Defendants that they have failed to serve Litton Loan with process in the required timeframe. Indeed, they have not attempted to litigate any claim against Litton Loan at all in roughly twenty months. If Defendants wish to pursue any third-party claim against Litton Loan, they must file a short brief (not to exceed five pages) explaining their "good cause" for failing to effectuate service. This brief must be filed no later

than March 25, 2015. If we do not find Defendants' explanation compelling, we will dismiss the purported third-party complaint against Litton Loan and terminate this action in its entirety.[7]

**CONCLUSION**

Having concluded that we lack jurisdiction over Plaintiff's complaint based on the IMFL, we dismiss Plaintiff's complaint, without prejudice as to refiling in state court.

As to Defendants' purported third-party claim against Litton Loan, which asserts federal claims, Defendants may file a short brief no later than March 25, 2015, explaining any good cause for their failure to comply with Rules 4(m) and 14(a). If they choose to do so, we will then consider whether to extend the time for service of process on Litton Loan. If no extension is warranted, we will dismiss this action in its entirety. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: March 9, 2015
Chicago, Illinois

---

[7] We suspect that Defendants' allegations against Litton Loan may suffer from pleading deficiencies as well, including potential statute of limitations difficulties. While we need not address these issues today, we add that TILA and HOEPA have relatively short statute of limitations periods. They also do not impose liability on loan servicers who were not the owner of the debt. *See, e.g.*, *Goode v. PennyMac Loan Servs., Inc. LLC*, 14 C 1900, 2014 WL 6461689, at *9 (N.D. Ill. Nov. 18, 2014); *Iroanyah v. Bank of Am.*, 851 F. Supp. 2d 1115, 1120 (N.D. Ill. 2012); *Sagan v. Option One Mortgage Corp.*, 03 C 4557, 2004 WL 1660625, at *3 (N.D. Ill. July 26, 2004). We encourage Defendants to explore these issues before attempting to proceed.

15