**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | ) | |
| AS TRUSTEE RELATING TO J.P. | ) | |
| MORGAN MORTGAGE ACQUISITION | ) | |
| CORP. 2005-FRE1 ASSET BACKED | ) | |
| PASS-THROUGH CERTIFICATES, | ) | |
| SERIES 2005-FRE1, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 12 C 5057 |
| vs. | ) | Hon. Marvin E. Aspen |
| | ) | |
| CHERYLE A. COLLINS-FULLER T., | ) | |
| HEYWOOD FULLER T., KEYBANK | ) | |
| NATIONAL ASSOCIATION, | ) | |
| MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS, INC. AS | ) | |
| NOMINEE FOR FREMONT | ) | |
| INVESTMENT AND LOAN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Court Judge:

By opinion dated March 9, 2015, ("Opinion") we dismissed Plaintiff's state-law mortgage foreclosure complaint for lack of jurisdiction, without prejudice as to refiling in state court. (3/9/15 Op. (Dkt. No. 179) at 1–9, 15.) We also informed Defendants Cheryle Collins-Fuller T. and Heywood Fuller T. that the counterclaims asserted in their June 3, 2013 answer were not counterclaims at all, but presumably represented an attempted third-party complaint against Litton Loan Servicing LP ("Litton Loan"). (*Id.* at 10–12.) We explained to Defendants that they had failed to properly serve their purported third-party complaint on Litton Loan, in violation of Federal Rules of Civil Procedure 4 and 14.

We instructed Defendants to explain their failure to comply with these procedural rules, (*id.* at 12–15), and we have reviewed their rationale, (Defs.' Resp. (Dkt. No. 183) ¶ 6).  As set forth below, we hereby terminate this action.

## ANALYSIS

As discussed in our earlier Opinion, Rule 14(a)(1) states that a third-party plaintiff (i.e., Defendants) must provide a third-party defendant (i.e., Litton Loan) with formal service of process.  Fed. R. Civ. P. 14(a)(1) (requiring service of summons and the third-party complaint on the non-party to be sued); *Superkite PTY Ltd. v. Glickman*, 12 C 7754, 2014 WL 1202577, at *5 (N.D. Ill. Mar. 21, 2014) (dismissing third-party claim that had not been served); *see also* 6 Wright & Miller, *Fed. Prac. & Proc.* § 1455 (3d ed. 2013) ("Requirements of personal jurisdiction and service of process also must be satisfied.").  This requirement makes practical sense because a third-party defendant is not otherwise a party to the existing action and, absent proper service, may not be aware of the claims against it.  As the Seventh Circuit generally has described, "[t]hese service requirements provide notice to parties, . . . encourage parties and their counsel to diligently pursue their cases, . . . and trigger a district court's ability to exercise jurisdiction over a defendant."  *Cardenas v. City of Chi.*, 646 F.3d 1001, 1004 (7th Cir. 2011) (internal citations omitted).

Rule 4 governs the manner and timing of service of the summons and complaint upon defendants.  Pursuant to Rule 4(m), service of process must be completed within 120 days from the filing of a complaint, including a third-party complaint.  Fed. R. Civ. P. 4(m); *see, e.g.*, *Manjarrez v. Georgia-Pac. LLC*, 12 C 1257, 2012 WL 4017951, at *4 (N.D. Ill. Sept. 12, 2012); *Scherr v. Marriott Int'l, Inc.*, 08 C 2098, 2009 WL 4015541, at *2 (N.D. Ill. Nov. 19, 2009).

Defendants concede that they never served Litton Loan with process. (Defs.' Resp. ¶ 6.) Defendants filed their answer, which raised the claims against Litton Loan, on June 3, 2013. (Answer (Dkt. No. 63) at 8–9.) Treating those allegations as a third-party complaint, the deadline for service on Litton Loan was approximately October 2, 2013. After attempting to plead the claims against Litton Loan in June 2013, Defendants made no efforts to pursue their third-party claim or effectuate service until after we issued our March 9, 2015 Opinion informing them of this deficiency.[1]

### A. Mandatory Extension for "Good Cause"

Under Rule 4(m), we are required to extend the time for service of process if a plaintiff can show "good cause" for the failure to meet the deadline. Fed. R. Civ. P. 4(m); *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008); *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340–41 (7th Cir. 1996). "Good cause means a valid reason for delay, such as the defendant's evading service." *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 933–34 (7th Cir. 2002). "Good cause" does not include a plaintiff's (or, in this case, a third-party plaintiff's) inadvertent failure to timely serve or half-hearted efforts to do so properly. *Geiger v. Allen*, 850 F.2d 330, 323 (7th Cir. 1988); *see Tuke v. United States*, 76 F.3d 155, 157–58 (7th Cir. 1996) ("[A] lawyer who does not read the rules lacks good cause."). Moreover, "[u]nfamiliarity with the law does not constitute good cause to exempt pro se litigants from complying with the requirements of Rule 4." *Dumas v. Decker*, 556 F. App'x 514, 515 (7th Cir. 2014); *Williams-Guice v. Bd. of Educ. of City of Chi.*, 45 F.3d 161, 164 (7th Cir. 1995) ("Even

---

[1] Although Defendants have since attempted to file an amended third-party complaint and effectuate service, (*see* Dkt. No. 185) those actions were premature. We have not granted—and do not grant—them leave to belatedly pursue the third-party action, for the reasons discussed in this order. As a result, the third-party complaint filed April 13, 2015 and summons issued April 21, 2015 are stricken.

uncounseled litigants must act within the time provided by statutes and rules."); *see also*

*McCullum v. Silver Cross Hosp.*, 99 C 4327, 2001 WL 696076, at *3 (N.D. Ill. Aug. 21, 2001)

(noting that "a pro se litigant's ignorance of the 120-day time limit does not establish good cause

under Rule 4").

Here, Defendants report that, aside from their many ongoing medical problems,[2] "the

main reason [they] did not timely complete their third-party complaint and serve process was

because their former attorney herein repeatedly promised he would follow-up on that matter."

(Defs.' Resp. ¶ 6.) Defendants further state that their former attorney "never followed up on

[their] frequent requests for action nor did he allow [them] themselves to help him prepare, file,

and serve the third-party complaint." (*Id.*) Consistent with the above authorities, we conclude

that this explanation does not constitute "good cause." If anything, this explanation

demonstrates that both Defendants and their attorney knew about the latent third-party claim

many months ago and yet did nothing about it. Because this knowing failure does not qualify as

"good cause," we are not obligated to grant Defendants additional time to serve Litton Loan.

### B. Discretionary Extension

In the absence of good cause, we may exercise our discretion to either grant additional

time for service or dismiss the action without prejudice. Fed. R. Civ. P. 4(m); *see Coleman*, 290

F.3d at 933–34; *McCullum*, 2001 WL 696076, at *3. In determining whether an extension is

appropriate, we may consider: "(1) whether the expiration of a statute of limitations during the

pending action would prevent refiling, (2) whether the defendant evaded service, (3) whether the

---

[2] In their response, Defendants identified a number of recent medical and other issues that prevented them from filing their brief on time. (Defs.' Resp. ¶¶ 1–4 & Exs.) We accept either explanation and have reviewed their response brief. While we further acknowledge the chronic medical problems that have affected Defendants throughout this litigation, these difficulties do not excuse their failure to prosecute the third-party action.

defendant's ability to defend would be prejudiced by an extension, (4) whether the defendant had actual notice of the lawsuit, and (5) whether the defendant was eventually served." *Cardenas*, 646 F.3d at 1006; *Dumas v. Decker*, 10 C 7684, 2012 WL 1755674, at *3 (N.D. Ill. May 16, 2012); *see also Scott v. Guarantee Reserve Life Ins. Co.*, 95 C 6622, 1998 WL 177954, at *4 (N.D. Ill. Apr. 7, 1998). We may also take into account the fact that Defendants acted pro se at times during this litigation. *Bland v. Candioto*, 04 C 8361, 2006 WL 2735501, at *2 (N.D. Ill. Sept. 21, 2006); *Scott*, 1998 WL 177954, at *4. None of these factors is determinative on its own. *See, e.g.*, *Panaras*, 84 F.3d at 341 ("The running of the statute of limitations does not require that a district court extend the time for service of process."); *Scott*, 1998 WL 177954, at *4 (noting that "lack of prejudice to the defendant cannot, standing alone" warrant a permissive extension).

In this case, there is no indication that Litton Loan evaded service, received actual notice of the suit by some other means, or has been served to date. Defendants have not argued that Litton Loan would suffer no prejudice from the delay, if we permitted belated service. To the contrary, we imagine that Litton Loan would be prejudiced if forced to defend claims based on conduct that occurred at least four year ago. Indeed, the purported third-party complaint filed in June 2013 alleges fraudulent, deceptive, and unlawful practices by Litton Loan occurring from April 2007 through April 2011.[3] (Answer at 6–9.) The factors addressing Litton Loan's position favor dismissal.

We turn then to the remaining factors, which focus on Defendants' perspective. Defendants initially handled this action pro se. They retained counsel a few months after first asserting the claims against Litton Loan and within weeks of missing the Rule 4(m) deadline.

---

[3] We reiterate that we are reviewing the claims as asserted against Litton Loan in Defendants' June 3, 2013 answer and are not evaluating the third-party complaint proposed April 13, 2015.

Counsel represented them from October 25, 2013 through November 12, 2014. (*See* Dkt. Nos. 104, 147.) Yet throughout that time period—and despite the fact that they were aware of the dormant claims against Litton Loan—neither Defendants, nor their counsel, took any steps to litigate those claims.

Defendants seek to blame counsel for this failure. Even if counsel's failure legally could absolve Defendants, an issue we need not address, we could not accept that excuse under the circumstances. Defendants plainly knew about their claims and neglected to pursue them, even during periods when they were not represented by counsel. (*See* Defs.' Resp. ¶ 6.) Moreover, Defendants were extremely proactive and diligent in defending the foreclosure lawsuit. Based on their conduct in the foreclosure proceedings, they appear quite capable of articulating legal theories and prosecuting an action, yet they offer no reason why they entirely ignored their third-party claims for the better part of two years. As a result, we find that neither their pro se status, nor their complaints about counsel, warrant extension of the Rule 4 service deadline.

We briefly consider the final factor, concerning whether the applicable statute of limitations would prevent Defendants from refiling an action against Litton Loan. As we suggested in the Opinion, we suspect that Defendants' claims against Litton Loan may suffer from pleading deficiencies, including statute of limitations difficulties. (3/9/15 Op. at 15 n.7 (encouraging Defendants to explore such issues before proceeding).) Defendants have not argued that we should allow them to pursue the third-party claims to insulate those claims from a future statute of limitations problem. We decline to undertake the statute of limitations analysis for Defendants. We therefore do not determine whether, or when, the limitations periods on the purported claims have run. We find simply that because Defendants did not address this point, this factor does not weigh in favor of an extension.

In short, we conclude that Defendants were not diligent in pursuing their third-party claims. *See, e.g.*, *Keller v. United States*, 444 F. App'x 909, 913 (7th Cir. 2011) ("A plaintiff's diligence is an important factor in deciding whether to grant a Rule 4(m) extension."); *Cardenas*, 646 F.3d at 1006 (affirming district court's denial of extension where the court determined that "the fault for the profound delay rested squarely on Plaintiff's counsel's shoulder"). We deny Defendants' request for an extension of time to serve and proceed with a third-party complaint.

## CONCLUSION

For the reasons set forth above, we exercise our discretion to dismiss this action, in its entirety. Defendants' proposed amended third-party complaint (Dkt. No. 185) and related summons are stricken as moot. It is so ordered.


_____
Marvin E. Aspen
United States District Judge


Dated: April 29, 2015
      Chicago, Illinois